# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ALLAN SELBST, on Behalf of Himself )
and All Others Similarly Situated, )
)
                Plaintiffs, )   No. 04 C 2422
)   District Judge Manning
vs. )   Magistrate Judge Schenkier
)
McDONALD'S CORPORATION, et al., )
)
                Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a motion for an order lifting the automatic discovery stay (doc. #75), put in place by the district judge after the defendants filed their original motion to dismiss, pursuant to 15 U.S.C. § 78u-4(b)(3)(D) of the Private Securities Litigation Reform Act ("PSLRA"). The district judge denied defendants' motion. In so doing, the district judge considered certain facts not alleged in the complaint but raised instead by plaintiffs' response to the motion to dismiss. (09/21/05 Mem. and Order at 13 n.9). The district judge commented that plaintiffs "should amend the Complaint to incorporate these additional allegations" (*id.*); shortly thereafter, the district judge set a deadline for plaintiffs to amend their complaint (doc. # 39). The stay, therefore, was not lifted after the denial of defendants' motion, since the amended complaint needed to be filed first.

Plaintiffs filed their amended complaint, and in response, the defendants have filed a second motion to dismiss, principally on the basis that plaintiffs have failed to include in the amended complaint the very facts they said they could allege to defeat dismissal. Rather than wait until the district judge rules on the pending motion to dismiss, plaintiffs have moved to lift the discovery stay. The motion to lift the stay has been referred to this Court for ruling (doc. # 56).

Plaintiffs offer two arguments in support of their motion to lift the stay. *First,* they assert that the stay is applicable because their original complaint survived a motion to dismiss. *Second,* plaintiffs argue that even if the stay otherwise would apply, it should be lifted here, pursuant to 15 U.S.C. § 78u-4(b)(3)(B), in order to preserve evidence and to prevent undue prejudice to them. We find neither argument persuasive.

## I.

We begin with plaintiffs' argument that the stay does not apply because the district judge denied defendants' motion to dismiss the original complaint. In addressing that argument, we look first to the plain language of the PSLRA, since the Seventh Circuit has instructed us to use that as "[t]he starting point" for statutory analysis. *Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1009 (7th Cir. 2002). Under the PSLRA, "all discovery shall be stayed during the pendency of *any* motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). On its face, the phrase "any motion to dismiss" would encompass a motion to dismiss an amended complaint.

Plaintiffs argue otherwise, suggesting that this provision should not apply to *seriatim* motions to dismiss. However, that position has been rejected, at least where – as here – the second motion to dismiss is directed to an amended complaint. "[C]ourts have specifically rejected requests to lift a stay where defendants have filed a second motion to dismiss an amended complaint because the stay applies 'regardless of whether the motion is brought initially to dismiss a complaint, or subsequently, in response to an amended complaint.'" *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005); *see also In re S. Pac. Funding Corp. Sec. Litig.*, 83

2

F. Supp.2d 1172, 1175 & n.1 (D. Or. 1999)(court denied motion to lift stay after denial of first set of motions to dismiss because defendants filed new dismissal motions and held that under PSLRA discovery had to be stayed again); *Powers v. Eichen*, 961 F. Supp. 233, 236 (S.D. Cal. 1997) (court denied motion to lift stay where motion to dismiss denied but reconsideration pending).

The principal case upon which plaintiffs rely, *In re Lernout & Hauspie Securities Litigation*, 214 F. Supp.2d 100 (D. Mass. 2002), is distinguishable. As plaintiffs concede, the facts of *Lernout* "are not exactly the same as the facts here." In this case, the original motion to dismiss filed by defendants applied to all plaintiffs, as does the motion to dismiss the amended complaint. In *Lernout*, there were multiple defendants, some of whom had been denied dismissal, while other defendants still had pending motions to dismiss that were not decided yet. The defendants whose motion to dismiss was denied did not file a subsequent motion to dismiss. The distinction drawn in *Lernout* that justified lifting the stay on a limited basis – the denial of motions to dismiss with respect to some but not all defendants – is not present here. *Id.* at 106-07.[1]

At bottom, plaintiffs' argument is that the stay should not apply because the current motion to dismiss is meritless – a point they press vigorously in seeking to lift the stay (*see* Pls.' Mot. and Mem. at 2-4; Pls.' Reply Mem. at 1-4). Certainly, plaintiffs' argument about the strength of the original motion to dismiss would not be a basis to lift the stay before the motion is decided – and plaintiffs do not argue otherwise. Plaintiffs have not cited any authority to support the proposition that we may preview the outcome of a second motion to dismiss in deciding whether to lift the stay.

---

[1] The other cases cited by plaintiff are inapposite as well. In those two cases, the plaintiffs sought relief from a stay where the documents sought had "already [been] produced in connection with other identified proceedings." *In re Worldcom, Inc. Sec. Litig.*, 234 F. Supp.2d 301, 306 (S.D.N.Y. 2002). *See also Singer v. Nicor, Inc.*, 2003 WL 22013905, at *1 (N.D. Ill. Apr. 23, 2003) (same).

Moreover, it is not our province to rule on the merits of defendants' second motion to dismiss, which is pending before the district judge; and we therefore express no view as to the outcome of that motion. That said, we have reviewed the briefs submitted on the pending motion to dismiss, and cannot conclude that defendants' arguments about the adequacy of the amended complaint are, as plaintiffs put it in their motion to lift the stay, merely "a pretext to again invoke (improperly) the PSLRA discovery stay to further delay this action." (Pls.' Mot. and Mem. at 4). The gist of plaintiffs' argument before this Court is that defendants' current motion to dismiss pending before the district judge is frivolous. However, we note that plaintiffs have not availed themselves of the procedural tools to raise that contention with the district judge: they have not sought sanctions on the ground that the motion to dismiss is being brought for an improper purpose or lacks a basis in law or fact, FED.R.CIV.P. 11(b), or that the motion "multiplies the proceedings in . . . [the] case unnecessarily and vexatiously." 28 U.S.C. § 1927.

In sum, plaintiffs have failed to offer any basis upon which we could conclude that defendants' current motion to dismiss does not trigger the automatic stay under the PSLRA.

## II.

Plaintiffs argue that even if the stay ordinarily would apply in the face of defendants' motion to dismiss, it should be lifted under the PSLRA exception permitting discovery to proceed where necessary to preserve evidence or prevent undue prejudice. Plaintiffs contend that the stay must be lifted because discovery has already been delayed for "a significant amount of time" (Pls.' Mem., at 7), and there is a danger of document destruction and/or faded memories (*Id.*). With respect to undue delay, the plaintiffs assert that discovery "has been stayed for a year and a half," and, "[i]f this Court were to further stay discovery until after Defendant's new motion to dismiss is decided,

4

many more months of delay would occur, as in *Lernout and Hauspie*." (Pl.'s Mem. at 7). In addition, plaintiffs point out that the allegations in this case, like the allegations in *Lernout*, concern events in foreign countries – here Asia and Europe – requiring international discovery, which takes some time to execute (*Id.*). With respect to the destruction of evidence exception, plaintiff argues that the length of time between the alleged occurrences and the present motion create a danger of document destruction that mounts with each passing day. The Court rejects plaintiffs' arguments for three reasons.

*First*, the PSLRA provides that "particularized discovery" may be had by a party upon court order if that party can show that such discovery is "necessary to preserve evidence" or "necessary ... to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). "General requests to open all discovery do not satisfy this burden." *Sarantakis v. Gruttadauria*, 2002 WL 1803750, at *1 (N.D. Ill. Aug. 5, 2002). Plaintiffs here seek a general lifting of the discovery stay as it applies to all document requests to defendants and non-parties and to all overseas discovery (Pls.' Mot. and Mem. at 7-8 n.5). That request does not meet the "particularized discovery" standard.

*Second*, the plaintiffs have not demonstrated that an order lifting the stay is "necessary to prevent undue prejudice." While perhaps "undue prejudice requires a showing of improper or unfair detriment that need not reach the level of irreparable harm," *Lernout*, 214 F. Supp.2d at 107, generalized "[p]rejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair.'" *See Sarantakis*, 2002 WL 1803750, at *1 (quoting *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp.2d 1260, 1265 (N.D. Okla. 2001)). The kind of general concerns plaintiffs express about document destruction, fading memories, and the like would arise any time discovery in a case is stayed for a period of time.

To lift the PSLRA stay based on such generalized concerns would open a loophole in the stay that would undermine the statutory scheme enacted by Congress.

*Third*, in a related vein, "[t]he mandatory stay under the PSLRA may be lifted only in exceptional circumstances,"*see Sarantakis,* 2002 WL 1803750, at *1, which plaintiffs have not demonstrated here. As the *Sarantakis* court noted, any generalized prejudice resulting from delay on account of a discovery stay is not "unfair" given the countervailing policy considerations that mandate the stay. Moreover, "lifting the stay is not necessary to preserve evidence when, as in this case, the party from whom discovery is sought has represented to the court that it will maintain the evidence at issue." *Id.* (citing *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp.2d 676, 684 (D. Md. 2000)). Exceptional circumstances are found in cases where there is a particular set of facts asserted such as "the terminal illness of an important witness" which "might require the deposition of the witness prior to ruling on the motion to dismiss." H.R. Conf. Rep No. 104-369, 104th Cong. 1st Sess. 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. Sess. 736. *See also Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp.2d 384, 402 (S.D.N.Y. 2001) (same). Those kinds of circumstances are not alleged here, and as stated, the plaintiffs have not pointed to "particularized discovery" needed.

Accordingly, plaintiffs' motion to lift the stay of discovery (doc. # 75) is DENIED.

ENTER:

/s/ Sidney I. Schenkier

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: March 1, 2006